# EXHIBIT 1

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                BUSINESS LITIGATION SESSION
                                                CIVIL ACTION
                                                No. _____

|  |  |
|---|---|
| ANTHONY SHAKER,<br>    Plaintiff,<br><br>v.<br><br>EMCOR SERVICES NORTHEAST,<br>INC., f/k/a BALCO, INC.;<br>EMCOR FACILITIES SERVICES, INC.<br>SUCCESSOR TO ENERGY SYSTEMS<br>INDUSTRIES, INC.; and<br>EMCOR GROUP, INC.,<br>    Defendants. | **COMPLAINT** |

## PARTIES

1.  Anthony Shaker is an individual residing at 197 8th Street, Unit 607, Charlestown, Massachusetts.

2.  EMCOR Services Northeast, Inc. ("ESN"), formerly known as Balco, Inc. is a corporation organized under the laws of the State of Delaware. Its principal office is located c/o Emcor Group, Inc. at 301 Merritt Seven, 6th Floor, Norwalk, Connecticut. Its registered office in the Commonwealth is located at 84 State Street, Boston, Massachusetts.

3.  Emcor Facilities Services, Inc. ("EFS"), successor by merger to Energy Systems Industries, Inc. ("ESI") is a corporation organized under the laws of the State of Delaware. Its principal office is located c/o Emcor Group, Inc. at 301 Merritt Seven, 6th

Floor, Norwalk, Connecticut. Its registered office in the Commonwealth is located at 84 State Street, Boston, Massachusetts.

4. EMCOR Group, Inc. ("Emcor") is a Delaware corporation and parent of ESI and EFS. Emcor directs and controls the activities of ESI and EFS with respect to the matters set forth in this Complaint. Emcor's principal office is located at 301 Merritt Seven, 6th Floor, Norwalk, Connecticut. Its registered office in the Commonwealth is located at 84 State Street, Boston, Massachusetts.

## SUMMARY OF THE ACTION

5. This is a claim by Shaker for benefits due under two Supplemental Executive Retirement Plans (SERPS) established by the predecessors to Defendants ESN and EFS, both of which are wholly owned subsidiaries of and controlled by Defendant Emcor. The SERPS are subject to ERISA, 29 USC §1001, et seq.

6. The SERPS benefits, due to Shaker upon his achieving age 65, have been wrongfully withheld by Defendants on the pretext that Shaker was in violation of terms of the SERPS restricting his subsequent employment by competitors to EFS and ESN. In fact, Shaker never violated any of the terms of the SERPS and, even if such terms were enforceable (which Shaker disputes) Shaker has been in full compliance with such contractual terms and is entitled to payment thereon.

7. Shaker makes claim under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. (ERISA), seeks declarations that he is in compliance with the terms of the SERPS or in the alternative that such terms unduly restrict competition and are unenforceable and Shaker is entitled to payment thereunder,

2

and seeks damages for breach of contract and breach of the implied covenant of good faith and fair dealing.

## FACTS

8. Shaker commenced employment with Balco, Inc. on January 1, 1976.

9. During the course of his employment he rose from Design/Build Sales Manager to President.

10. On or about December 1, 1982, Shaker and Defendant ESN (then known as Balco) entered into a "Supplemental Retirement Agreement" ("SERP") in which Shaker agreed to defer a portion of his compensation for four (4) years in return for which benefits would be paid to Shaker in the sum of Eight Hundred Thirty Three Dollars and 33/100 ($833.33) on the last day of each month commencing with the month in which Shaker attained age sixty-five (65) and continuing for ten (10) years.

11. Shaker deferred a portion of his compensation in the years 1983, 1984, 1985, and 1986, all in accordance with said Plan.

12. On or about August 1, 1995, Shaker and Defendant ESI entered into a second "Supplemental Retirement Agreement" ("SERP") where as an incentive to Shaker to continue to render "valuable services" to ESN, ESN and Shaker agreed that upon termination of Shaker's employment and his attaining age sixty-five (65), that Shaker would be entitled to a monthly "early retirement benefit" equal to Two Thousand Six Hundred and Ninety Nine Dollars and 69/100 ($2,699.67) commencing with the month in which he attained age sixty-five (65) and continuing for ten (10) years.

13. On or about May 6, 1999, Shaker became President of ESI and Vice President of Operations of EFS, each of which assumed full responsibility for Shaker's rights under the two SERPS.

14. On or about February 23, 2004, Shaker's employment was terminated by his employers.

15. On or about February 1, 2009, Shaker attained age sixty-five (65) and requested commencement of payment of the benefits described in the two SERPS. In response, Defendant Emcor on behalf of itself and Defendants EFS and ESN denied Shaker's request for commencement of payment on the grounds that "among other considerations that following termination of your employment with those companies [EFS and ESI] you were employed by one or more of their respective competitors ...."

16. In fact, Shaker was never employed by any competitor of any of the Defendants subsequent to February 23, 2004.

17. Shaker appealed the denial of benefits by letter dated March 31, 2009.

18. By letter dated June 25, 2009, Lisa Haight of Emcor, as Administrator under the procedures purportedly established under the Plan, denied Shaker's claim for benefits. On behalf of the Defendants and the Plan, Ms. Haight, after contesting but not denying that Mr. Shaker's termination of employment qualified as "early retirement" (which it explicitly does under the precise terms of each Plan), the Administrator stated as follows:

> "The Administrator has been advised that following the termination of his employment with the Companies, Mr. Shaker was engaged in business activities that were in competition with or harmful to the Companies. Within six months of his termination, Mr. Shaker accepted employment with Beacon Capital Partners, LLC and, while

4

> employed there, solicited employees of the Companies to leave their employ and accept employment with Beacon. Within eighteen months following termination of his employment with the Companies, Mr. Shaker accepted employment with UGL Unicco, which was engaged at the time in the business of facilities maintenance services in direct competition with the Companies."

19. In fact, neither Beacon Capital Partners, LLC or UGL Unicco were competitors with any of the Defendants at any time during Mr. Shaker's employment by them and Mr. Shaker never solicited any employee of the Defendants to accept employment with any of his subsequent employers. In addition, the term of the SERPS restricting Shaker's subsequent employment are unenforceable and unduly restrict competition.

20. Mr. Shaker had demanded, pursuant to the guidelines for appeals, copies of all documents or records used by the Company in concluding that Mr. Shaker was employed by a competitor, all decisions and appeal decisions since 2000 in which the non-competition condition was the basis for denial of benefit requests, and all initial decisions and appeal decisions with respect to the application of the SERP Agreements to parent subsidiaries or affiliates of Balco and/or Energy Systems Industries.

21. In response, the Defendants through Ms. Haight stated "concerning the Claims requests for information, I am advised that there are no documents responsive to it in the Companies' custody or control."

22. The Defendants have admitted, as above, that there are no documents in their possession, custody or control supporting their position that Mr. Shaker is not entitled to payments under the SERPS at the time that such decision was made.

## COUNT I – ERISA §502(A)(1)(b)

23. Shaker repeats and realleges the allegations set forth in paragraphs 1 through 22.

24. The Defendants' denial of Shaker's request for benefits was incorrect, unfounded, and without merit.

25. The Defendants have wrongfully withheld monies due to Mr. Shaker under each of the SERPS.

26. Shaker has exhausted his administrative remedies with respect to his requests for payments under the SERPS.

27. ERISA §502(A)(1)(b) authorizes a plan participant to file a claim to recover benefits due.

28. The Defendants should be required to pay Mr. Shaker his benefits due, his attorneys' fees required to obtain such benefits, and provide him with all other appropriate relief.

## COUNT II – BREACH OF CONTRACT

29. Shaker repeats and realleges the allegations set forth in paragraphs 1 through 28.

30. The SERPS and each of them were agreements between Shaker and the named Defendants pursuant to which Shaker was to receive the benefits he has requested upon his reaching age sixty-five (65). In return for the promise of benefits to be received by Shaker, Shaker deferred compensation otherwise due to him and provided valuable services to the Defendants and their predecessors.

6

31. By failing to make the payments to Shaker, Defendants have breached the terms of the Agreement between Shaker and the Defendants.

32. In accordance with the agreements and the law applicable thereto, the Defendants should be required to pay Shaker his benefits due, his attorneys' fees required to obtain same, and provide him with all other appropriate relief.

## COUNT III – DECLARATORY RELIEF

33. Shaker repeats and realleges the allegations set forth in paragraphs 1 through 32.

34. An actual controversy has arisen among the parties.

35. The Court should declare that the Defendants and each of them are liable to pay Shaker all benefits due under the SERPS, bring all payments due current and provide such future payments as set forth in each of the SERPS, and pay to Mr. Shaker his attorneys' fees, costs and all other appropriate relief.

## COUNT IV - ESTOPPEL

36. Shaker repeats and realleges the allegations set forth in paragraphs 1 through 35.

37. Despite the fact that the employment relationship between Mr. Shaker and Defendants terminated in 2004, Defendants never challenged Shaker's rights to benefits under the SERPS until he made claim for payment of such benefits in 2009.

38. The Defendants' delay in raising this issue and concealment of the issue prejudiced Shaker, who did not have the opportunity of seeking declaratory relief at an earlier stage and obtaining timely payment of the benefits due him under the SERPS.

Rather, the Defendants concealed their objecting to making payment under the SERPS to cause Mr. Shaker to raise the issue only after payments would have been due to him.

39. Mr. Shaker relied on the existence of the SERP and the payments due to him to commence as scheduled.

40. The Defendants should be estopped from refusing to make the payments due under the SERP, and should pay to Shaker his attorneys' fees, costs and all other appropriate relief.

## COUNT V – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

41. Shaker repeats and realleges the allegations set forth in paragraphs 1 through 40.

42. The Defendants received the benefit of the said agreements by retaining compensation otherwise due to Shaker and obtaining Shaker's valuable services in consideration of the promise to make payments to him in the future.

43. Without reason, without documentation, and without justification, Defendants have interfered with Shaker obtaining the benefit of the SERPS and through their course of conduct have deprived him of the benefit of those agreements.

44. Defendants by their actions have breached the implied covenant of good faith and fair dealing which is a part of every contract made in Massachusetts.

45. Defendants by virtue of their breach of said implied covenant of good faith and fair dealing are liable for all payments to Shaker under each of the SERPS, his reasonable attorneys' fees and costs, and for all other relief appropriate to the matter.

## COUNT VI – BREACH OF FIDUCIARY DUTY

46. Shaker repeats and realleges the allegations set forth in paragraphs 1 through 45.

47. Defendants as administrator of the SERPS are fiduciaries within the meaning of 29 USC §1002(21)(A), in that at all relevant times they exercised discretionary authority or discretionary control respecting management of the SERPS, exercised authority or control respecting management or disposition of assets of the SERPS if any, or had discretionary authority or discretionary responsibility and administration of the SERPS.

48. Defendants breached their fiduciary obligations by failing to discharge their duties and make payment to Shaker. Rather, Defendants were arbitrary in withholding such payments without reason or documentation.

49. Defendants breached their fiduciary obligations by failing to discharge their duties with respect to the SERPS with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of 29 USC §1104(a)(1)(B) by causing, engaging in or allowing the acts or omissions set forth in this Complaint.

50. Defendants breached their fiduciary obligations by failing to discharge their duties with respect to the SERPS in accordance with the documents and instruments governing the SERPS, insofar as such documents and instruments were consistent with ERISA, in violation of 29 USC §1104(a)(1)(B), by causing, engaging and/or allowing the acts or omissions set forth in this Complaint.

WHEREFORE, Shaker demands judgment against the Defendants jointly and severally as to all Counts as follows:

a. Payment of the full Eight Hundred Thirty Three Dollars and 33/100 ($833.33) in monthly benefits due Shaker since February 1, 2009 under the terms of the December 1, 1982 SERP;

b. Payment of the full Two Thousand Six Hundred and Ninety Nine Dollars and 69/100 ($2,699.67) in monthly benefits due Shaker since February 1, 2009 under the terms of the August 1, 1995 SERP;

c. Immediate distribution to Shaker of any benefits to which Plaintiff is entitled, together with interest and costs;

d. An award of interest, costs and disbursements of the action, including reasonable attorneys' fees as provided by 29 USC §1132(g)(1), and other applicable statutory and common law provisions;

e. Such other and further relief, including equitable relief, as to this Court may seem just and proper.

## CLAIM FOR JURY TRIAL

Plaintiff claims a trial by jury.

> Respectfully submitted
> PLAINTIFF
> ANTHONY SHAKER
> by his attorneys,
>
> *[signature]*
>
> Mitchel S. Ross, BBO #430160
> Sweder & Ross LLP
> 131 Oliver Street
> Boston, MA 02110-2706
> (617) 646-4466

Dated: November 11, 2010