UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12121-GAO

ANTHONY SHAKER,
Plaintiff,

v.

EMCOR SERVICES NORTHEAST, INC., F/K/A BALCO, INC., SUCCESSOR TO
ENERGY SYSTEMS INDUSTRIES, INC., EMCOR GROUP, INC., SHELDON
CAMMAKER, AND LISA HAIGHT,
Defendants.

OPINION AND ORDER
September 29, 2011

O'TOOLE, D.J.

The defendants' motion for leave to file a reply memorandum (dkt. no. 16) is
DENIED. The pending motion to dismiss is brought under Rule 12(b)(6) of the Federal
Rules of Civil Procedure, and the proper focus is on the content of that pleading. The
motion for leave to file a reply seeks improperly to put matters extraneous to the
Complaint before the Court.

The defendants' motion to dismiss the amended Complaint (dkt. no. 11) is
DENIED.

I agree that the SERPs at issue appear to be, based on the information in the
Complaint, ERISA plans and that the requirement of exhaustion of administrative
remedies applies. However, I disagree with the defendants that it is plain that the plaintiff
has not exhausted the administrative remedies. On the contrary, it appears to me that he

has, but even if that is not true as a matter of law on the undisputed facts, there is at least an issue to be resolved beyond the face of the Complaint on a Rule 12(b)(6) motion.

The plaintiff has also adequately plead a claim for breach of fiduciary duty. Whether the facts ultimately elicited will support a "top hat" exception is not something that can be resolved by reference only to the Complaint.

It is likely that at least some state law claims are preempted, but the scope of the preemption is something better left to determination on a more fully developed factual record.

It is SO ORDERED.

__/s/ George A. O'Toole, Jr.__
United States District Judge